Joseph S. Farzam, SBN 210817
**JOSEPH FARZAM LAW FIRM**
A Professional Law Corporation
11766 Wilshire Blvd., Suite 280
Los Angeles, California 90025
Telephone: (310) 226-6890
Fax: (310) 226-6891

Nicole Lahmani, Esq. SBN 278182
**LAHMANI LAW, APC**
1539 E. Fourth Street
Santa Ana, CA 92701
Telephone: (949) 202-1111
Fax: (855) 700-0529

Attorneys for Nicholas Robinson

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ROBINSON  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CITY OF SAN JOSE, RYAN DOTE,  )<br>JAMIE MARIE KULIK, NICHOLAS  )<br>PETTERSON, and DOES 1 through 20  )<br>inclusive,  )<br>  )<br>Defendants.  )<br>  )<br>  )<br>  )<br>_____ | Case No.: 5:19-cv-06768NC<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date: October 6, 2021<br>Time: 1:00p.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |

COMES NOW, Plaintiff Nicholas Robinson (hereinafter "Plaintiff" or "Mr. Robinson"), by and through his undersigned counsel, hereby files this Opposition to the Motion for Sanctions Pursuant to Rule 11 filed by Defendant the City of San Jose and Defendants-Officers Nicholas Petterson and Jamie Kulik [Doc. No. 49]. Plaintiff hereby states as follows:

---

OPPOSITION TO MOTION FOR SANCTIONS

1. Plaintiff filed the Complaint in this matter in October 2019. [Doc. 1]. The Defendants each filed Answers on January 7, 2020 [*See* Docs. 14-17]. The parties participated in alternative dispute resolution in April of 2020; however, they were unable to come an agreement as to settlement and the case proceeded in the normal course. [Doc. 26]. In August 2020, Defendants moved for a stay under the *Younger* Abstention Doctrine; the motion was granted and this case was stayed pending the resolution of Plaintiff's state court proceedings. [*See* Doc. 33]. The stay was lifted on October 21, 2020. [Doc. 35].

2. Since then, during a global pandemic, Plaintiff and his counsel have pursued this action in good faith and actively participated in written, expert, and deposition discovery to better understand and develop the Plaintiff's legal claims and theories as articulated in the Complaint.

3. Defense counsel now moves for sanctions, asserting that Plaintiff's counsel has failed to withdraw certain "frivolous claims" before Defendants were required to file summary judgment papers. Def's Mot. at 8. Specifically, counsel contends Claim 2 (denial of medical care), Claim 3 (substantive due process), and Claims 4-6 (municipal liability) are "unfounded." *Id*. at 5-8.

4. The facts as stated in defense counsels' motion are correct on one score. In July 2021, the Plaintiff's counsel, Nicole Lahmani, agreed to confer with her co-counsel—the undersigned, Joseph Farzam—regarding dismissing certain claims. Unfortunately, the undersigned counsel came down with the COVID-19 virus and was much too ill to work from July 22, 2021, until after August 6, 2021 (the summary judgment deadline).

5. Sanctions are not warranted for other reasons. First, as shown in Opposition to the Motion for Summary Judgment, Doc. No. 47, at 9-18, Claims 4-6 have a substantial basis in law and fact. Specifically, a jury could reasonably infer that the takedown (which was a joint effort by Officers Dote *and Petterson*) was excessive, and further that it was objectively unreasonable for Officers Petterson and Kulik to continue to restrain the injured, compliant Plaintiff via body weight pressure and handcuffs. Furthermore, record evidence—including officers' deposition testimony

and public reports issued by the City of San Jose—suggest a jury could reasonably conclude that a policy or custom in place within the San Jose Police Department was the "moving force" behind the Plaintiff's injuries. *See id.*

6. Second, discovery as to Claims 2 and 3 has been proceeding in good faith and Plaintiff and his counsel have been engaged in determining whether to pursue:

- A "denial of medical care" claim based upon the officers' refusal to un-cuff Plaintiff and render basic first aid (*e.g.*, immobilizing his arm). *See Tatum v. City & Cnty. Of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006) (police officers must provide reasonable post-arrest care); *Rosales v. Cnty. of San Diego*, Case No.: 19-CV-2303 JLS (LL), at *21 (S.D. Cal. Jan. 5, 2021) (finding "placing a spit bag on an unconscious arrestee who is being treated by paramedics falls short of objectively reasonable post-arrest care").

- A "substantive due process" claim based upon the defendant-officers' *pre-seizure* conduct. *See*, *e.g.*, *Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, at *7 (D. Ariz. June 1, 2018) (declining to dismiss a Complaint where the plaintiff alleged pre-seizure conduct violated his substantive due process rights; noting "factual development is required to before determining when the seizure of [plaintiff] began").

7. On August 16, 2021, Plaintiff's counsel Lahmani corresponded with defense counsel and requested that he withdraw his proposed motion for sanctions because discovery has shown Claims 4 - 6 to have clear and substantial merit, and because, although the claims were with merit, the Plaintiff's counsel agreed to stipulate to the dismissal of both Claims 2 and 3. Defense counsel refused to withdraw their proposed motion for sanctions, wasting this Court's time and resources.

8. Even assuming, *arguendo*, this Court found Defendants' motion to be well-founded as to Claims 2 and 3, Plaintiff and the undersigned respectfully submit that the amount sought ($7,000) is excessive and unwarranted. Defense counsel asserts that this amount "represents a reasonable approximation of the attorney's fees and costs incurred … in preparing and filing summary judgment papers in this matter," Def's Mot. at 9. Yet the bulk of Defendant's factual narrative and legal argument on summary judgment, Doc. No. 46, is devoted to the excessive force claims against

the Defendants Petterson and Kulik, *which are not referenced in sanctions motion*, and the municipal liability claims, which as Plaintiff's Opposition makes clear, raise a genuine (and non-frivolous) issue of fact and law. Doc. No. 47 at 17-19. Defense counsel devoted just **four paragraphs** (419 words) in the motion for summary judgment to Claims 2 and 3. Defense counsel seeks almost **$17 per word**, which is an unreasonable fee even for the most desirable and seasoned of attorneys. Thus, insofar as this Court is inclined to award monetary sanctions because Claims 2 and 3 were not dropped at an earlier stage in these proceedings, the Plaintiff respectfully requests that defense counsel be asked to submit detailed entries as to the time and costs spent defending **these claims** on summary judgment.

9. In conclusion, Plaintiff and his undersigned counsel respectfully request that the motion for sanctions be DENIED.

DATED: September 9, 2021                JOSEPH FARZAM LAW FIRM

*Farzam*

_____
BY: Joseph S. Farzam, Esq.
Attorney for Plaintiff,
Nicholas Robinson