UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS ROBINSON,

Plaintiff,

v.

RYAN DOTE, and others,

Defendants.

Case No. 19-cv-06768 NC

**ORDER ON MOTIONS IN LIMINE AND DEFENDANTS' MOTION TO STRIKE**

Re: ECF 74, 75, 76

This Order resolves the competing motions in limine in advance of the trial in this Title 42 U.S.C. § 1983 excessive force case against three San Jose police officers. The motions were argued at the pretrial conference held on November 3, 2021. All witnesses and attorneys must comply with these evidentiary rulings.

Plaintiff's motion in limine was filed six days late and without a motion seeking leave to excuse the late filing. ECF 75. Defendants moved to strike the untimely filing, ECF 76, then opposed the motion. ECF 82. Plaintiff's late filing followed attorney conduct challenged in Defendants' motion for sanctions (ECF 49) and preceded another late and procedurally improper ex parte filing that was denied at ECF 90. Plaintiff's late MIL filing is not excused and after trial the Court will consider whether Plaintiff's counsel should be sanctioned and referred to the Northern District's Standing Committee on Professional Conduct under Civil Local Rule 11-6. In the interest of trial on the merits, the Court DENIES the motion to strike (ECF 76) and will consider the late-filed Plaintiff's

motion in limine below.

1.  Defendants' Motions in Limine (ECF 74)

The Court GRANTS MIL No. 1 to exclude expert witness Roger Clark from testifying at trial, under FRE 403, 702, and *Daubert,* 509 U.S. 579 (1993).  This is a straightforward § 1983 case arising from a single, brief encounter between plaintiff Robinson and the defendant officers.  Clark's proposed opinion testimony about POST standards, conclusions of law, and officer credibility would be likely to confuse the issues, mislead the jury, waste time, and needlessly present cumulative evidence.  This greatly outweighs any probative value.  The jury will be able to assess the direct evidence from witnesses and videos and perform the required *Graham* analysis.  The Court therefore excludes Clerk's testimony.

The Court GRANTS MIL No. 2 to exclude evidence and argument inconsistent with Plaintiff's Rule 36 admissions.  The Court separately denied Plaintiff's motion to excuse the late-filed admission responses.  ECF 90.  In opposition to this MIL, Plaintiff argued that the date referred to in the admissions was different than the date of the actual events (November 30, 2018) involving Mr. Robinson.  But "Incident" in the RFA was defined as the "circumstances and occurrences relating to Plaintiff's contact with San Jose Police officers on or around November 28, 2018 as alleged in Plaintiff's Complaint."  ECF 74-4 p. 3.  The Court determines that "Incident" includes November 30, 2018, for purposes of the Admissions.

The Court DEFERS ruling on MIL No. 3 to preclude evidence and argument regarding past and future medical expenses.  The Court needs additional context and foundation for this evidence and will address any objections at trial.

The Court GRANTS MIL No. 4 to preclude evidence and argument of Plaintiff's wage loss claim.  Plaintiff did not provide responsive information or documents during discovery.  ECF 74-8 (Interrogatory Responses).  Trial is not supposed to be an ambush with new arguments and evidence.

United States District Court
Northern District of California

2

2.   Plaintiff's Motions in Limine (ECF 75)

The Court GRANTS Plaintiff's MIL No. 1 to exclude the testimony of expert witness Christopher Sciba under FRE 403, 702, and *Daubert*, for the same reasons it excluded parallel use-of-force expert Clark above.

The Court DENIES Plaintiff's MILs Nos. 2 and 3 which seek to exclude BWC footage from officer Ceballos and Pasternak for an interaction with Plaintiff on October 7, 2018.  The Court agrees with Plaintiff that these videos would be inadmissible to show his character or character trait under FRE 404.  But the Court finds that they are admissible under FRE 404(b) to show Robinson's motive, opportunity, knowledge, absence of mistake, or lack of accident.  The Court will provide a jury instruction at the time this evidence is presented, limiting the jury's use of the evidence.  *See* ECF 85 (joint proposed limiting instruction).  "You [will hear/have heard] evidence about a separate encounter between plaintiff Robinson and San Jose police officers on October 7, 2018.  You may consider this evidence for the limited purpose of evaluating Mr. Robinson's knowledge of arrest procedures during the arrest in this case.  You may not consider this evidence as evidence of Mr. Robinson's character or for any other purpose."

Finally, the Court GRANTS Plaintiff's MIL No. 4 to exclude evidence and argument about restraining orders issued on Dec. 7, 2020, against Plaintiff, under FRE 402, 403, 404, and 406.  A restraining order from more than a year after the incident in this case would be misleading and confusing to the jury.

**IT IS SO ORDERED.**

Dated:  November 6, 2021

_____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

3